**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

| | |
|---|---|
| ADELEKE OSINUGA, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC AUTO GROUP d/b/a MILLENNIUM HONDA,<br><br>Defendant. | Case No.: 2:26-cv-02058<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Adeleke Osinuga (hereinafter the "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, on behalf of himself and all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, respectfully brings this Complaint against Defendant Atlantic Auto Group d/b/a Millenium Honda (hereinafter the "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for its violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA") 29 U.S.C. §201, *et seq.*; the New York Labor Law §§ 190, *et seq.* and 650, *et seq*. (hereinafter the "NYLL"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* (the "ADA"); and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* (the "NYSHRL"), for, inter alia, race discrimination, religious discrimination, disability discrimination, and retaliation.

2. Upon information and belief, over the course of the last six (6) years, Defendant carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours as required by law, including non-payment of overtime pay.

3. In addition, Defendant discriminated against Plaintiff due to his national origin, race, color, disability, and religion.

4. Plaintiff has therefore commenced this case to recover unpaid wages he had been deprived of, back pay, front pay, emotional distress damages, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

6. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State and local laws pursuant to 28 U.S.C. § 1367 because there is a common nucleus of operative facts concerning his wage claims (between the FLSA and NYLL) and his discrimination claims (between Title VII and the NYSHRL).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendant in Hempstead, NY.

8. At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendant in New York including within the Town of Hempstead.

9. At all times relevant, Defendant engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), and had revenues exceeding $500,000.00.

10. Plaintiff falls within the protections of the FLSA and satisfies the individual coverage requirements because Defendant engaged in interstate commerce.

11. At all times relevant, Defendant employed more than fifteen (15) employees.

## PARTIES

12. Plaintiff is an adult individual who is a resident of Suffolk County, New York.

13. Plaintiff was employed by the Defendant in the State of New York during the period from August 2012 to July 2024.

14. Defendant is a business entity organized under the laws of New York with principal office address at 286 North Franklin Street, Hempstead, NY 11550-1304.

15. At all times relevant, Defendant employed Plaintiff to perform work on behalf of Defendant within the State of New York.

## STATEMENT OF FACTS

16. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff for all hours worked for every workweek.

17. Plaintiff began working for Defendant in or around August 2012, as a Sales Representative, and worked approximately one hundred thirty-nine (139) hours per week.

18. Plaintiff is exceptionally skilled in his duties and has prior experience where he previously successfully worked as a salesperson at other dealerships; thus, he was qualified to perform the work required of him at the Defendant's dealership.

19. Plaintiff's job duties included selling vehicles and due to his excellent performance, he consistently received bonuses and praise from other managers and colleagues.

20. For many years, Plaintiff continued to perform at a satisfactory level without any complaints from management or customers related to his job performance. In fact, Plaintiff was frequently praised due to his performance.

21. Nonetheless, Defendant has failed to pay proper compensation to Plaintiff under the FLSA and/or NYLL by failing to pay him an hourly wage that was equal to or greater than Plaintiff's regular rate of pay for all time spent performing labor both for regular straight time hours and those in excess of forty (40) hours of his regular workweek.

22. While Plaintiff only wanted to work free from any discrimination and merely sought to be paid for his work, he was treated differently than all the other employees simply because he is an African American male who is not Hispanic.

23. Despite Plaintiff's satisfactory performance, the Defendant discriminated against Plaintiff because of his race, color, and national origin by diverting customers to the Hispanic salespeople instead of to him, an African American.

24. Defendant also took away bonus opportunities from Plaintiff and other African American employees, which they enjoyed for years, despite allowing the Hispanic salespeople to continue receiving such bonuses and other special treatments.

25. Further, Defendant had told Plaintiff that his customers (many of whom were also African American) could not afford the cars they were inquiring about, in an effort to discourage him from selling vehicles to them.

26. In spite of working for Defendant for twelve (12) years, Plaintiff was never promoted, despite employees of other races, color, and national origin being promoted.

27. Simultaneously, Defendant refused to accommodate Plaintiff's religion, by requiring him to work on Sundays in spite of his sincerely held religious belief which required him to rest on Sundays.

28. In addition, Defendant refused to accommodate Plaintiff's disability following a car accident he had gotten into, by requiring him to stand for long periods, in spite of his inability to do so.

29. In so doing, Defendant refused to engage in an interactive dialogue regarding same.

30. After approximately six (6) months of enduring difficult working conditions for minimal pay given that the opportunity to earn bonuses was taken away from him, Plaintiff complained to management about race discrimination in an email, but this complaint was ignored.

31. Notwithstanding Plaintiff's complaint – regarding his unpaid wages, commissions, bonuses, and discriminatory treatment on the basis of his race, color, national origin, religion, and disability – Defendant ignored Plaintiff and continued to unlawfully engage in the above-referenced practices.

32. Rather than take heed of Plaintiff's Complaint, Defendant immediately assigned Plaintiff's desk to a Hispanic employee, while Plaintiff was still working there.

33. Rather than investigate Plaintiff's complaint, Defendant decided to ignore him.

34. Finally, only a few weeks following his complaint, he was terminated on July 15, 2024.

35. At all times relevant, the Defendant had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties.

36. At all times relevant, the Defendant had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

37. Plaintiff, by reason of the non-payment of his wages and the inhumane treatment by the Defendant towards him, was then compelled to air his grievances but the same fell on deaf ears.

38. At all times during his employment with the Defendant, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

39. Upon information and belief, the Defendant at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

40. As a result of Defendant's violation and failure to pay proper wages, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his hours worked in compliance with the FLSA.

41. Furthermore, Defendant's willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his total hours worked and determine if he was being paid in accordance with the FLSA.

42. As a result of these violations of labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

43. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

44. Plaintiff brings this FLSA claim as a collective action on behalf of himself and others similarly situated who have been employed by the Defendant during the full statute of limitations period (hereinafter the "FLSA Collective Members").

45. At all relevant times, Plaintiff and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the

same common policies, and were subject to Defendant's practices of: (i) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed.

46. At all relevant times, Defendant had been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

47. Defendant's violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

48. As a result of its unlawful conduct, Defendant is liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest, plus an equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

49. While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are approximately thirty (30) employees of the FLSA Collective Members over the last three (3) years.

50. Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

51. Accordingly, the Court should require the Defendant to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the

FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") on behalf of himself and all other current or former persons employed by Defendant in New York within the last six (6) years, hereinafter the "Class" defined as:

> **All current and former hourly production employees of Defendant in new York who worked at least one workweek during the six (6) years preceding the filing of this Complaint to its final resolution who were paid for 40 or more hours of work in any workweek and performed shift relief**.

53. The Class is so numerous that joinder of all class members is impracticable.

54. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of at least sixty (60) employees over the last six (6) years.

55. There are questions of law or fact common to the Class including whether Defendant failed to pay its employees for all earned overtime under the NYLL.

56. Plaintiff will adequately protect the interests of the Class.

57. Plaintiff's interests are not antagonistic to but, rather, are in unison with the interests of the Class members.

58. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

59. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members.

60. The primary questions that will determine Defendant's liability to the Class are common to the class and predominate over any questions affecting only individual class members.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.

63. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

64. Certification of this case pursuant to Rule 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE FLSA: UNPAID WAGES
### (on behalf of the Plaintiff and the FLSA Collective Members)

65. Plaintiff, on behalf of himself and the FLSA Collective Members, re-alleges, and incorporate here by reference, all allegations contained in the paragraphs above.

66. Defendant knowingly and willfully failed to pay Plaintiff and the FLSA Collective Members their wages for the actual hours that they worked.

67. Similarly, Defendant is liable to the Plaintiff and the FLSA Collective Members for associated damages pursuant to 29 U.S.C. § 206(a)(1).

68. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and the FLSA Collective Members have suffered damages and have incurred costs as well as reasonable attorneys' fees.

69. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

70. Because Defendant's violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff and the FLSA Collective Members are entitled to liquidated damages.

71. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective Members have been deprived of their wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and interest (pre-judgment and post-judgment).

**COUNT TWO**
**VIOLATION OF THE NYLL: FAILURE TO PAY OVERTIME**
**(on behalf of the Plaintiff and the Class)**

72. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

73. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, §§ 1, *et seq.*, as well as all applicable regulations thereunder.

74. Although the FLSA exempts automotive salespersons from overtime pay, the NYLL requires that automotive salespersons receive overtime compensation "at a rate of one and one-half times the minimum wage."

75. The NYLL requires covered employers, including Defendant, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours

worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

76. Plaintiff and the Class were not exempt from the requirement that Defendant pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendant for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

77. Throughout the full statute of limitations period, Defendant had engaged in a policy and practice of failing to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for time spent performing off-the-clock work in excess of 40 hours in a workweek.

78. As a result of Defendant's failure to compensate Plaintiff and the Class at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendant had violated the NYLL and/or applicable regulations thereunder.

79. Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

80. Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT THREE**
**VIOLATION OF THE NYLL: FAILURE TO PAY ALL WAGES OWED**
**(on behalf of the Plaintiff and the Class)**

81. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

82. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, §§ 1, *et seq*., as well as all applicable regulations thereunder.

83. The NYLL requires covered employers, including Defendant, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek.

84. Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendant at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

85. Throughout the full statute of limitations period, Defendant had engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

86. As a result of Defendant's failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendant had violated the NYLL and/or applicable regulations thereunder.

87. Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the NYLL.

88. Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, inter alia, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**COUNT FOUR**
**VIOLATION OF THE NYLL: NOTICES OF PAY RATE**
**(on behalf of the Plaintiff and the Class)**

89. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

90. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, §§ 190, *et seq*., as well as all applicable regulations thereunder.

91. The NYLL requires covered employers, including Defendant, to provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.

92. Plaintiff and the Class were not exempt from the requirement that Defendant provide them with Notices of Pay Rate.

93. Throughout the full statute of limitations period, Defendant had engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the Class.

94. As a result of Defendant's failure to provide Notices of Pay Rate to Plaintiff and the Class, Defendant had violated, *inter alia*, NYLL § 195.

95. Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the Class in accordance with the NYLL.

96. Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**COUNT FIVE**
**VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS**
**(on behalf of Plaintiff and the Class)**

97. Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

98. During the full statutory period, Plaintiff and the Class were protected by the provisions of the NYLL, §§ 190, *et seq*., as well as all applicable regulations thereunder.

99. The NYLL requires covered employers, including Defendant, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages."

100. Plaintiff and the Class were not exempt from the requirement that Defendant provide them with accurate wage statements.

101. Throughout the full statute of limitations period, Defendant had engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the Class.

102. As a result of Defendant's failure to furnish accurate wage statements to Plaintiff and the Class, Defendant had violated, *inter alia*, NYLL § 195.

103. Defendant had acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiff and the Class in accordance with the NYLL.

104. Defendant's violations of the NYLL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter*

*alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**COUNT SIX**
**VIOLATION OF TITLE VII: RACE DISCRIMINATION**
**(on behalf of the Plaintiff)**

105. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

106. By the actions described above, among others, Defendant has egregiously discriminated against Plaintiff on the basis of his race, in violation of Title VII, by denying Plaintiff the same terms and conditions of employment available to others, including, but not limited to, the denial of promotions, bonuses, and sales.

107. As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of damages to the greatest extent permitted by law, including, but not limited to, monetary and/or economic harm, for which he is entitled to an award of monetary damages.

108. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which he is entitled to an award of compensatory damages.

109. Defendant's unlawful and discriminatory actions constitute malicious, willful, wanton acts and/or reckless indifference to Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

**COUNT SEVEN**
**VIOLATION OF 42 U.S.C. § 1981: RACE DISCRIMINATION**
**(on behalf of the Plaintiff)**

110. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

111. At all relevant times, Plaintiff is a member of a protected class.

112. Defendant intentionally discriminated against Plaintiff on the basis of race with respect to the terms, conditions, and privileges of Plaintiff's employment and/or contractual relationship.

113. Defendant's conduct included, but was not limited to, subjecting Plaintiff to disparate treatment, adverse employment actions, and/or a hostile work environment because of Plaintiff's race.

114. Defendant's actions were intentional, willful, and taken with malice or reckless indifference to Plaintiff's federally protected rights.

115. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, emotional distress, and other compensable losses, in an amount to be determined at trial.

**COUNT EIGHT**
**VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION**
**(on behalf of the Plaintiff)**

116. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

117. By the actions described above, among others, Defendant has egregiously discriminated against Plaintiff on the basis of his religion, in violation of Title VII, by denying

Plaintiff the same terms and conditions of employment available to others, including, but not limited to, accommodation of his scheduling preferences.

118. As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, harm for which he is entitled to an award of damages to the greatest extent permitted by law, including, but not limited to, monetary and/or economic harm, for which he is entitled to an award of monetary damages.

119. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which he is entitled to an award of compensatory damages.

120. Defendant's unlawful and discriminatory actions constitute malicious, willful, wanton acts and/or reckless indifference to Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

**COUNT NINE**
**VIOLATION OF THE ADA: DISABILITY DISCRIMINATION**
**(on behalf of the Plaintiff)**

121. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

122. Section 12112 of the ADA, titled "Discrimination," provides:

a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

123. Defendants violated this section as set herein.

**COUNT TEN**
**VIOLATION OF NYSHRL: RACE DISCRIMINATION**
**(on behalf of the Plaintiff)**

124. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

125. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

126. By the actions described above, and among others, Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law because of Plaintiff's race.

127. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages, including but not limited to lost wages, benefits, emotional distress, and other compensable losses, in an amount to be determined at trial.

**COUNT ELEVEN**
**VIOLATION OF NYSHRL: RELIGIOUS DISCRIMINATION**
**(on behalf of the Plaintiff)**

128. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

129. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status

of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

130. By the actions described above, and among others, Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law because of Plaintiff's religion.

131. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages, including but not limited to lost wages, benefits, emotional distress, and other compensable losses, in an amount to be determined at trial.

**COUNT TWELVE**
**VIOLATION OF NYSHRL: DISABILITY DISCRIMINATION**
**(on behalf of the Plaintiff)**

132. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

133. New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

134. By the actions described above, and among others, Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law because of Plaintiff's disability.

135. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages, including but not limited to lost wages, benefits, emotional distress, and other compensable losses, in an amount to be determined at trial.

**COUNT THIRTEEN**
**VIOLATION OF TITLE VII: RETALIATION**
**(on behalf of the Plaintiff)**

136. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

137. 42 U.S.C. §§ 2000e-3 states:

> It shall be an unlawful employment practice for an employer to discriminate against any of him employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by the subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter.

138. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned violations.

**COUNT FOURTEEN**
**VIOLATION OF THE ADA: RETALIATION**
**(on behalf of the Plaintiff)**

139. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

140. The ADA prohibits retaliation, interference, coercion, or intimidation.

141. Section 12203 of the ADA provides:

a. Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this

chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b. Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

142. Defendant violated this section as set forth herein.

**COUNT FIFTEEN**
**VIOLATION OF NYSHRL: RETALIATION**
**(on behalf of the Plaintiff)**

143. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

144. By the foregoing acts and omissions, Defendant retaliated against Plaintiff on the basis of his protected activity in the form of complaining of the discrimination he was being subjected to, in violation of the NYSHRL.

145. The retaliatory dismissal to which Plaintiff was subjected to would have dissuaded a reasonable employee in Plaintiff's position from reporting discrimination.

146. As described herein, all Defendants are liable for the unlawful retaliatory termination of Plaintiff, in violation of NYSHRL § 296(1).

147. Plaintiff was treated disparately from other similarly situated employees who had not complained of discrimination.

148. Defendant's unlawful retaliatory acts caused Plaintiff to suffer partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Members, and the Class, respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and State laws, including but not limited to the FLSA, NYLL, Title VII, 42 U.S.C. § 1981, the ADA, and the NYSHRL;

B. Grant an injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendant to provide Plaintiff with a list of all members of the FLSA Collective Members, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D. Designate Plaintiff as the representative of the FLSA Collective Members, and his counsel of record as class counsel;

E. Determine the damages sustained by Plaintiff and the FLSA Collective Members as a result of Defendant's violations of the FLSA and NYLL, and award those damages against Defendant and in favor of Plaintiff and the FLSA Collective Members, plus such pre-judgment and post-judgment interest as may be allowed by law;

F. Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendant to provide Plaintiff with a list of all members of the Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

G. Designate Plaintiff as the representative of the Class, and his counsel of record as class counsel;

H. Determine the damages sustained by Plaintiff and the Class as a result of Defendant's violations of the NYLL, and award those damages against Defendant and in favor of Plaintiff and the Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

I. Award Plaintiff all available damages under Title VII, 42 U.S.C. § 1981, the ADA, and the NYSHRL, including but not limited to compensatory damages for emotional distress, humiliation, and other non-economic harm;

J. Award Plaintiff punitive damages to the extent permitted by law for Defendant's willful, malicious, and/or reckless violations of federal and state anti-discrimination laws;

K. Award Plaintiff back pay, front pay, lost benefits, and other make-whole relief available under applicable law;

L. Award Plaintiff, the FLSA Collective, and the Class, an additional equal amount as liquidated damages because Defendant's violations were without a good faith basis;

M. Award Plaintiff, the FLSA Collective, and the Class their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

N. Grant Plaintiff, the FLSA Collective, and the Class such other and further relief that the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
April 7, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Adeleke Osinuga,*
*and others similarly situated*