# SIMMONS JANNACE DELUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca
Allison C. Leibowitz
Michael C. Lamendola*
Ian E. Hannon
—————————
Marcus Brown
Irina Feferman*
Michael C. Hayes
Thomas J. Jannace
Ian J. Toth
Scott H. Wertheimer

Counsel

Matthew C. Maloney

—————————

*Also Admitted NJ
^Also Admitted CT

July 29, 2026

**VIA ECF**
District Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, New York 11722

    Re:  Osinuga, Adeleke, on behalf of himself and all
        Other similarly situated v. Atlantic Auto Group
        d/b/a Millennium Honda
        Civil Action No.: 2:26-cv-02058
        Our File No.: 654-10507

Dear Judge Brown:

We represent defendant Atlantic Auto Group d/b/a Millenium Honda ("Atlantic") in the above-referenced matter. Please accept this correspondence as Atlantic's request for a pre-motion conference in anticipation of a motion for an Order: (1) dismissing this action pursuant to Rule 12(b)(3), or, in the alternative, (2) compelling arbitration pursuant to the Arbitration Agreement.

By way of background, plaintiff alleges that he is a former employee of Atlantic. Plaintiff alleges that he is part of a purported class of Atlantic employees who were not paid their full wages, provided with inaccurate wage statements, and were not provided proper notice of their payrate, all of which Atlantic denies. Plaintiff also alleges individual discrimination and retaliation claims, which Atlantic also denies, regarding his termination.

During the course of his employment, plaintiff executed an Arbitration Agreement, dated April 1, 2023. A copy of this Agreement is annexed hereto as **Exhibit "A."** Therein, plaintiff agreed to arbitrate "all employment-related disputes and

1

District Judge Gary R. Brown
United States District Court
Eastern District of New York
July 29, 2026
Page 2

[plaintiff's] receipt of the compensation, pay raises and other benefits paid to [plaintiff] by [Atlantic]" and further agreed that "any and all controversies, claims, or disputes with anyone … arising out of, relating to, or otherwise resulting from my assignment and or employment with [Atlantic] or the termination of my assignment or employment with [Atlantic], including any breach of this agreement, shall be subject to binding arbitration under the Federal Arbitration Act and pursuant to New York Law" Therein, plaintiff further agreed that "any controversy, claim, or dispute covered by this Agreement will be arbitrated on an individual basis."

All of plaintiff's alleged claims arise out of his employment with Atlantic or the alleged termination of his employment with Atlantic. Accordingly, is it indisputable that plaintiff unequivocally agreed to submit his alleged claims to arbitration. Accordingly, the correct venue for plaintiff's claims is ADR Systems of America, LLC, the agreed upon arbitrator, not federal court.

In the alternative, Atlantic respectfully requests that the Court compel final and binding arbitration with a neutral arbitrator selected by the parties pursuant to the Arbitration Agreement. See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011) ("[t]he 'principal purpose' of the FAA is to ensure that private arbitration agreements are enforced according to their terms"); Thomas James Assocs. v. Jameson, 102 F.3d 60, 65 (2d Cir. 1996) ("in accordance with that policy, we resolve doubts as to the arbitrability of a claim in favor of arbitrability").

Thank you for the opportunity to address the court in this manner.

Respectfully submitted,

/s/ Thomas J. Jannace

Thomas J. Jannace

TJJ/
cc:  **Via ECF**
     Sage Legal LLC